UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,**<br><br>　Plaintiff,<br><br>　v.<br><br>**DIANA M. JARAMILLO, individually, and as officer, director, shareholder, and/or principal of MR PAN RESTAURANT & BAKERY CORPORATION d/b/a LA SEDE,**<br><br>and<br><br>**MR PAN RESTAURANT & BAKERY CORPORATION d/b/a LA SEDE,**<br><br>　Defendants. | Civ. No. 20-01568 (KM) (JBC)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

　　The plaintiff, Joe Hand Promotions, Inc. ("Joe Hand"), brought this action against Diana Jaramillo and Mr. Pan Restaurant & Bakery Corporation d/b/a La Sede (together the "Defendants") alleging that Joe Hand owns certain rights covering the broadcast of a sporting event, and that Defendants improperly exhibited the event to their customers for commercial gain without obtaining a license or authority from Joe Hand. On January 15, 2021, this Court entered a default judgment against the Defendants after they failed to plead or otherwise respond to Joe Hand's complaint.

　　Now before the Court is Defendants' motion to vacate entry of default judgment pursuant to Fed. R. Civ. P. 55(c) and 60, and permit Defendants to answer Joe Hand's complaint out of time. (DE 12.) For the reasons set forth below, Defendants' motion is **DENIED**.

I. DISCUSSION AND ANALYSIS

    a. The default judgment

The default judgment here was proper.

When considering a default judgment against a defendant who has been duly served and has failed to answer, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Defendants were duly served and failed to answer the complaint. The plaintiff made not just an allegation, but a strong showing, supported by affidavits and evidence, that the defendants had pirated and publicly displayed on six screens a broadcast sports event without obtaining a license to do so. *See generally* 47 U.S.C. § 605(e)(3)(C). As established in the motion papers, no meritorious defense appeared on the face of the record, the plaintiffs were prejudiced by the lack of response, and the culpability for the conduct clearly belonged to the defendants who engaged in the wrongful conduct. (DE 10)

    b. Motion to vacate the default judgment

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides that a court may relieve a party from a final judgment for a variety of reasons, including any "reason that justifies relief." Rule 60(b) is broad, but on a motion to set aside a default judgment, the case law emphasizes three factors: "first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982)). These three factors weigh against granting Defendants' motion to vacate this Court's entry of

default judgment. In particular, Defendants' failure to proffer a meritorious defense is fatal to their motion.

As for the first factor, prejudice, the events in suit occurred in 2019; defendants were served 2020; and judgment was entered in 2021. Plaintiff's showing here is fairly generic. It expended money and time obtaining the judgment, making its case without the aid of an adversarial presentation of the issues. It is entitled to repose and finality, although those interests could be outweighed by a strong showing on other factors.

The third factor, defendants' culpability for the default, weighs against reopening the judgment. Defendants proffer what amounts to a weak and vague excuse for their failure to respond to Joe Hand's complaint: specifically, that they gave the complaint to an unnamed lawyer who comes into the restaurant sometimes. Defendants emphasize that they were served "a mere two weeks before the covid shutdown" and claim that Ms. Jaramillo, who does not speak English, "gave the matter to an attorney who she lost contact with during Covid" and assumed this unnamed attorney was handling the matter (DE 12-1, DE 14.) Defendants claim that they were unaware until recently of the default judgment, a fact to be distinguished from being unaware of the summons and complaint.

The real problem, however, is the second factor: the existence, or not, of a viable defense to the claims. In determining whether to vacate the entry of a default judgment, a court must determine whether the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. The defendant need not prove that it will prevail at trial, but merely demonstrate that it has a defense which is meritorious on its face. *Id.*

Defendants here do not proffer any answer at all. Whether in their motion or in reply, do not address the allegations made against them in any manner. As noted above, the plaintiff's original motion made sufficient allegations, supported by affidavits and evidence, in support of its claim. There

is no indication in Defendants' papers, for example, that they did not perform the alleged acts, or cause the assessed damages.

Defendants' grounds for reopening the judgment are at best vague and unpersuasive. Opening the judgment this Court entered more than two years ago would be an inappropriate exercise of the Court's discretion.

## ORDER

Accordingly, this matter having come before the Court on Defendants' motion to vacate entry of default judgment (DE 12); and the Court having considered the motion, the plaintiff's response, and Defendants' reply (DE 12, 13, 14), as well as the entire case file, without oral argument pursuant to Fed. R. Civ. P. 78(b); for the reasons stated in the preceding Opinion, and for good cause shown:

**IT IS** this 1st day of June, 2023,

**ORDERED** that Defendants' motion (DE 12) to vacate entry of default judgment is **DENIED**.

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**